142 Nev., Advance Opinion 33

IN THE SUPREME COURT OF THE STATE OF NEVADA

JUAN EDWARD DEL TORO, A/K/A
JOHN EDWARD DELTORO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 91210

FILED

MAY 07 2026

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order denying appellant's petition for release from lifetime supervision. Eighth Judicial District Court, Clark County; Jessica K. Peterson, Judge.

*Reversed and remanded.*

Nancy M. Lemcke, Public Defender, Conor M. Slife, Chief Deputy Public Defender, and Kelsey L. Bernstein, Deputy Public Defender, Clark County, for Appellant.

Aaron D. Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Karen Mishler, Chief Deputy District Attorney, Clark County, for Respondent.

_____

BEFORE THE SUPREME COURT, STIGLICH, CADISH, and LEE, JJ.

*OPINION*

By the Court, STIGLICH, J.:

NRS 176.0931(3) requires district courts to release sex offenders from lifetime supervision if they satisfy three requirements. One

26-20092

requirement is compliance with statutory registration provisions. In this appeal, we consider whether sex offenders must register for the full registration period under NRS 179D.490 before the NRS 176.0931 registration requirement is deemed satisfied and the offender becomes eligible for release from lifetime supervision. Reading the statute as a whole, we conclude that compliance with the registration provision does not necessitate completion of the full registration term. Because the district court erred in ruling otherwise in considering appellant Juan Del Toro's petition for release from lifetime supervision, we reverse the order below and remand for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

In 2012, Del Toro pleaded guilty to attempted lewdness with a child under the age of 14. As a result of his conviction, he is classified as a Tier II sex offender. NRS 179D.115. Accordingly, Del Toro is required to register as a sex offender for 25 years. NRS 179D.490(2)(b). Upon being honorably discharged from probation in 2016, Del Toro was placed under lifetime supervision in accordance with NRS 176.0931(1).

Twelve years after his conviction, Del Toro petitioned for release from lifetime supervision, arguing that he satisfied the three requirements of NRS 176.0931(3). Specifically, he asserted that he had complied with registration requirements, had not been convicted of any crimes since being released from incarceration 11 years prior, and was deemed a low risk to reoffend by a clinical professional.

The State opposed Del Toro's release from supervision on the ground that he had not complied with registration requirements and thus failed to satisfy the first prerequisite under NRS 176.0931(3). The State argued that complying with registration requirements means completing the full registration term. Thus, the State argued, as a Tier II offender, Del



Toro is not eligible for release from lifetime supervision until he has been registered for the entire 25-year period under NRS 179D.490(2)(b). The district court agreed and denied Del Toro's petition. Del Toro appeals.

## DISCUSSION

Invoking the plain meaning of "comply," distinct from "complete," Del Toro argues that he has complied with registration requirements for purposes of NRS 176.0931(3)(a) because he has been continuously registered since his conviction through petitioning for release from lifetime supervision. Moreover, Del Toro argues, because NRS 176.0931(4) provides that registration obligations persist even after release from lifetime supervision, completion of the entire registration term cannot be a predicate to release.

This case presents an issue of statutory interpretation. We review a district court's interpretation of a statute de novo. *Goudge v. State,* 128 Nev. 548, 552, 287 P.3d 301, 303 (2012). In doing so, we start with the statute's plain language. *State v. Lucero,* 127 Nev. 92, 95, 249 P.3d 1226, 1228 (2011). When that language is clear on its face, we will enforce the statute as written. *Id.* With respect to individual terms used but undefined by the statute, we look to the "usual and natural meaning" of those terms, presuming the legislature intended to use them accordingly. *Wyman v. State,* 125 Nev. 592, 607, 217 P.3d 572, 583 (2009) (citation modified). In addition to the individual words, we will also "examine the statute as a whole" to avoid "rendering words or phrases superfluous or rendering a provision nugatory." *Haney v. State,* 124 Nev. 408, 411-12, 185 P.3d 350, 353 (2008). We will decline to read exceptions into a statute that contravene the statute's plain meaning. *In re H.B., III,* 141 Nev., Adv. Op. 15, 566 P.3d 562, 564 (2025).

Nevada law requires sex offenders to register with local law enforcement in the county or city in which they reside. NRS 179D.441; NRS 179D.460(1)-(2). The purpose of registration is "to protect the community and assist law enforcement in solving crimes." *Nollette v. State*, 118 Nev. 341, 346, 46 P.3d 87, 91 (2002). Registration entails appearing in person to provide, among other information, the offender's name and any aliases, address, license plate number, employment information, biological specimen, fingerprints, and photographs. NRS 179D.443(1); NRS 179D.480(1). The frequency and duration of the registration obligation depends on the offender's tier classification. NRS 179D.490(2). Relevant here, Tier II offenders are required to register at least every 180 days for 25 years. NRS 179D.480(1)(b); NRS 179D.490(2)(b).

Separate from the registration requirement, Nevada law mandates a special sentence of lifetime supervision for sex offenders. NRS 176.0931(1). Such supervision involves daily monitoring of offenders' lives, including their whereabouts, interactions, and recreational activities, to ensure they conform their behavior to individualized conditions and activity restraints. *Palmer v. State*, 118 Nev. 823, 827, 829, 59 P.3d 1192, 1194, 1196 (2002). Lifetime supervision is distinct from and begins after any term of imprisonment, period of release on parole, or period of probation. *Id.* at 830, 59 P.3d at 1196; NRS 176.0931(2). The purpose of lifetime supervision is to help law enforcement solve crimes and "oversee dangerous sexual predators," as well as to prevent offenders from engaging in activities that endanger the public. *Palmer*, 118 Nev. at 827, 829, 59 P.3d at 1195, 1196 (citation modified).

As a matter of law, offenders are entitled to release from lifetime supervision if, at the time of petitioning, they have satisfied three requirements. NRS 176.0931(3). First, the offender must "ha[v]e complied

SUPREME COURT
OF
NEVADA

(O) 1947A

with the requirements of the provisions of NRS 179D.010 to 179D.550," which govern registration of sex offenders. NRS 176.0931(3)(a); *Goudge*, 128 Nev. at 553, 287 P.3d at 304. Second, the offender must not have "been convicted of an offense that poses a threat to the safety or well-being of others for an interval of at least 10 consecutive years after the person's last conviction or release from incarceration, whichever occurs later." NRS 176.0931(3)(b). And third, the offender must be deemed "not likely to pose a threat to the safety of others, as determined by a licensed, clinical professional who has received training in the treatment of sex offenders, if released from lifetime supervision." NRS 176.0931(3)(c). We are called upon to interpret NRS 176.0931(3)(a), specifically whether registration compliance requires completion of the entire registration period provided by NRS 179D.490.

NRS 176.0931(3)(a) uses "complied" but does not define it. We therefore look to the dictionary definition to determine its natural meaning. *Wyman*, 125 Nev. at 608, 217 P.3d at 583. "Comply" means "[t]o do what is required or requested; to conform, submit, or adapt to (a command, demand, requirement, etc.)." *Comply, Black's Law Dictionary* (12th ed. 2024). By this definition, one can comply with a requirement for a certain amount of time without completing that requirement. On the other hand, "[t]o do what is required" may entail fulfilling the requirement. The definition does not have an intrinsic temporal element, and NRS 176.0931(3)(a) does not provide one. Thus, looking to its plain meaning neither confirms nor dispels the State's interpretation of "comply" to mean "complete." We therefore turn to examine the remainder of the statute.

NRS 176.0931(4) states that "[a] person who is released from lifetime supervision . . . remains subject to the provisions for registration as a sex offender." This language indicates that Del Toro's interpretation is

SUPREME COURT
OF
NEVADA

(O) 1947A

the intended one. If an offender were required to complete the full registration term before becoming eligible for release from lifetime supervision, the offender would no longer be subject to the registration mandate. Thus, reading "complied" in NRS 176.0931(3)(a) to mean "completed" would render NRS 176.0931(4) meaningless. That the statute retains the registration requirement for a released offender necessarily means that an offender who has not yet satisfied the entire registration term is eligible for release from lifetime supervision. And this result is consistent with the policy motivations behind registration and lifetime supervision. That is, release from supervision reduces the restrictions on an offender's freedom where the offender has demonstrated rehabilitation and reintegration into society while enduring registration continues to assist law enforcement efforts and promote community safety.

This interpretation is consistent with the legislature's usage of "comply" in NRS 179D.490(1) and (3). In both instances, the term is accompanied by a temporal qualifier. *See* NRS 179D.490(1) ("An offender . . . shall comply with the provisions for registration for as long as the offender or sex offender resides or is present within this State . . . ."); NRS 179D.490(3) ("If an offender or sex offender complies with the provisions for registration . . . [f]or an interval or at least 10 consecutive years . . . ."). Such usage indicates that the legislature does not use "comply" to mean "complete." In fact, when it intends to require completion of a condition, it uses "complete." *See, e.g.*, NRS 179D.490(3)(b) (indicating that Tier I and certain Tier III offenders may move to reduce their registration term if they have "successfully complete[d] any periods of supervised release, probation or parole, and successfully complete[d] a sex offender treatment program"). Had the legislature intended to condition eligibility for release from lifetime supervision on completing the full registration

(O) 1947A

term, it would have clearly indicated so in NRS 176.0931. *State v. Hill*, 40 Nev. 110, 117, 160 P. 772, 774 (1916).

Furthermore, adopting the State's interpretation would read into NRS 176.0931(3)(a) an automatic disqualification for Tier III offenders. Because Tier III offenders must register for life, NRS 179D.490(2)(c), they would never complete the registration requirement to become eligible for release from lifetime supervision. But NRS 176.0931 does not contemplate automatic disqualification for Tier III offenders. We will not read in such a consequence. *Cf. In re H.B., III*, 141 Nev., Adv. Op. 15, 566 P.3d at 564 (rejecting the argument that a felony conviction automatically disqualifies a person from serving as a guardian under the relevant statutory scheme, stating that the court "will not read into the statute an automatic disqualification provision when such is contrary to the statute's plain text").

Thus, evaluating the statute as a whole, we conclude that the registration requirement under NRS 176.0931(3) does not mandate that an offender complete registration for the entire registration period delineated by NRS 179D.490. For purposes of meeting the release from supervision requirements, an offender need only show conformance to registration requirements through the time of petitioning. Here, the district court denied Del Toro's petition for release from lifetime supervision because he had not yet registered for 25 years as mandated by NRS 179D.490(2)(b). Because that is not required by NRS 176.0931, we conclude that the district court erred. We therefore reverse the district court's order denying Del Toro's petition and remand for further proceedings consistent with this opinion.

## CONCLUSION

One of the eligibility requirements for sex offenders to be released from lifetime supervision under NRS 176.0931(3) is compliance

with statutory registration requirements. NRS 179D.490 provides a registration period according to an offender's tier. We hold that NRS 176.0931 does not require completion of that term for an offender to be eligible for release from lifetime supervision. The statutes are not mutually exclusive; the registration obligation persists even if an offender is released from lifetime supervision. Accordingly, an offender is eligible for release from lifetime supervision under NRS 176.0931(3)(a) if they have complied with statutory registration requirements up to the time of petitioning for release. Because Del Toro was denied release from lifetime supervision for the sole reason that he had not registered for 25 years, we reverse the district court's order and remand for further proceedings.

_____, J.
Stiglich

We concur:

_____, J.
Cadish

_____, J.
Lee