WILLIAM REX AUSTIN, Appellant, *v.*
THE STATE OF NEVADA, Respondent.

No. 42999

February 15, 2007                                       151 P.3d 60

*Philip J. Kohn*, Public Defender, and *Stacey Roundtree* and *Danny A. Silverstein*, Deputy Public Defenders, Clark County, for Appellant.

*Catherine Cortez Masto*, Attorney General, Carson City; *David J. Roger*, District Attorney, *James Tufteland*, Chief Deputy District Attorney, and *Taleen R. Pandukht*, Deputy District Attorney, Clark County, for Respondent.

Before MAUPIN, C. J., GIBBONS and HARDESTY, JJ.

## OPINION

By the Court, HARDESTY, J.:

In this appeal, we consider the qualifications required by NRS 176A.110 for the professional that conducts a psychosexual evaluation and renders the certification needed for probation of a defendant who is found guilty of felony statutory sexual seduction. The Legislature has prescribed a category of offenses that require evaluations and certifications to be provided by psychiatrists or psychologists for a defendant to be considered for probation. However, NRS 176A.110(1)(a) and NRS 176.139 make clear that for a defendant convicted of felony statutory sexual seduction, the psychosexual evaluation and certification needed for probation can be prepared by a clinical social worker who is trained in conducting psychosexual evaluations. We conclude, therefore, that the district court did not abuse its discretion when it found that a clinical social worker was qualified to perform the psychosexual evaluation and certification in this case.

### FACTS

Appellant William Rex Austin pleaded guilty to two counts of statutory sexual seduction after admitting to sexual intercourse with a 14-year-old female.[1] While the sentencing court can grant probation for this offense, a defendant must obtain a psychosexual evaluation and certification that he or she does not represent a high risk of reoffending in order to qualify for probation. Austin did not seek probation, but he hoped for leniency if the psychosexual evaluation and certification were favorable.

The Division of Parole and Probation arranged for Victoria Graff, a clinical social worker licensed in Nevada, to perform the psychosexual evaluation on Austin. Graff has 19 years of experi-

[1]NRS 200.364; NRS 200.368.

ence working with sex offenders, including 14 years as a psychotherapist. She holds bachelor's and master's degrees in social work.

During the psychosexual evaluation, Graff performed various tests and reviewed several documents from the Division of Parole and Probation. These tests placed Austin in the moderate- to low-risk category to reoffend.

Despite the test results, Graff concluded that Austin presented a high risk of reoffending. Specifically, Graff found that Austin did not appear honest during the interview and often contradicted himself or left out facts that would cast him in a negative light. Austin had a criminal history, including lewdness with a minor after previously undergoing sex offense treatment. As a consequence, Graff concluded that Austin was a poor candidate for successful treatment in the future and was a high risk to reoffend.

Austin did not argue for probation at sentencing, but he urged the district court to reject the Division of Parole and Probation's recommendation based on the test results and grant leniency in sentencing. The district court sentenced Austin to 24-60 months in the Nevada Department of Corrections for count I and a concurrent 12-60 month term for count II. Thereafter, Austin filed a motion for resentencing arguing that Graff was not qualified to conduct the psychosexual evaluation because she was not a licensed psychiatrist or psychologist. The district court denied the motion, and this appeal followed.[2]

## DISCUSSION

At issue in this appeal are the professional qualifications required under NRS 176A.110(1) for the person who conducts a psychosexual evaluation of a defendant who is found guilty of felony statutory sexual seduction, and provides the certification needed for probation. Austin argues that the district court erred at sentencing by accepting a psychosexual evaluation prepared by a clinical social worker rather than a licensed psychiatrist or psychologist. Graff concluded in her evaluation that Austin was a high risk to reoffend, thus precluding any consideration of probation at sentencing. Austin maintains that the result of his evaluation would have been different if it had been prepared by a licensed psychiatrist or psychologist, resulting in greater leniency by the sentencing judge. While we agree with Austin that the 2001 amendment of NRS 176A.110(1) was apparently intended to create heightened qualifications for those professionals who provide certifications in

---

[2]In this appeal, Austin only challenges whether Graff was qualified to conduct the psychosexual evaluation. He does not challenge the basis for Graff's recommendations.

psychosexual evaluations, we cannot conclude that the statute as actually amended mandates that a licensed psychiatrist or psychologist, instead of a clinical social worker, conduct the psychosexual evaluation and provide the certification for a defendant found guilty of felony statutory sexual seduction.

The Legislature has required, in NRS 176.139(1), a psychosexual evaluation of a defendant who is ''convicted of a sexual offense for which the suspension of sentence or the granting of probation is permitted.''[3] The term ''sexual offenses,'' as used in NRS 176.139, is defined in NRS 176.133(3), which sets forth a list of specific offenses including statutory sexual seduction, if punished as a felony.[4] Going further, NRS 176A.110 precludes the district court from granting probation for certain offenses, most of which are sexual offenses,[5] unless the defendant is certified as ''not

---

[3]NRS 176.139(1).

[4]NRS 176.133(3) states,

''Sexual offense'' means:

(a) Sexual assault pursuant to NRS 200.366;

(b) Statutory sexual seduction pursuant to NRS 200.368, if punished as a felony;

(c) Battery with intent to commit sexual assault pursuant to NRS 200.400;

(d) Abuse of a child pursuant to NRS 200.508, if the abuse involved sexual abuse or sexual exploitation and is punished as a felony;

(e) An offense involving pornography and a minor pursuant to NRS 200.710 to 200.730, inclusive;

(f) Incest pursuant to NRS 201.180;

(g) Solicitation of a minor to engage in acts constituting the infamous crime against nature pursuant to NRS 201.195, if punished as a felony;

(h) Open or gross lewdness pursuant to NRS 201.210, if punished as a felony;

(i) Indecent or obscene exposure pursuant to NRS 201.220, if punished as a felony;

(j) Lewdness with a child pursuant to NRS 201.230;

(k) Sexual penetration of a dead human body pursuant to NRS 201.450;

(l) Luring a child or mentally ill person pursuant to NRS 201.560, if punished as a felony;

(m) An attempt to commit an offense listed in paragraphs (a) to (l), inclusive, if punished as a felony; or

(n) An offense that is determined to be sexually motivated pursuant to NRS 175.547 or 207.193.

[5]NRS 176A.110(3) states,

The provisions of this section apply to a person convicted of any of the following offenses:

(a) Attempted sexual assault of a person who is 16 years of age or older pursuant to NRS 200.366.

(b) Statutory sexual seduction pursuant to NRS 200.368.

(c) Battery with intent to commit sexual assault pursuant to NRS 200.400.

(d) Abuse or neglect of a child pursuant to NRS 200.508.

represent[ing] a high risk to reoffend based upon a currently accepted standard of assessment.''[6] Statutory sexual seduction, whether punished as a felony or a gross misdemeanor, is an offense requiring such a certification.[7] Thus, a defendant who is found guilty of felony statutory sexual seduction is required to submit to a psychosexual evaluation prior to sentencing[8] and must be properly certified before the district court can grant probation.[9]

In 2001, the Legislature created a distinction in the qualifications required of the professional who provides a certification needed by a defendant for a grant of probation under NRS 176A.110(1).[10] NRS 176A.110(1) provides as follows:

> The court shall not grant probation to or suspend the sentence of a person convicted of an offense listed in subsection 3 unless:
>
> (a) If a psychosexual evaluation of the person is required pursuant to NRS 176.139, the person who conducts the psychosexual evaluation certifies in the report prepared pursuant to NRS 176.139 that the person convicted of the offense does not represent a high risk to reoffend based upon a currently accepted standard of assessment; or
>
> (b) If a psychosexual evaluation of the person is not required pursuant to NRS 176.139, a psychologist licensed to practice in this State who is trained to conduct psychosexual evaluations or a psychiatrist licensed to practice medicine in this State who is certified by the American Board of Psychiatry and Neurology, Inc., and is trained to conduct psychosexual evaluations certifies in a written report to the court that

---

(e) An offense involving pornography and a minor pursuant to NRS 200.710 to 200.730, inclusive.

(f) Incest pursuant to NRS 201.180.

(g) Solicitation of a minor to engage in acts constituting the infamous crime against nature pursuant to NRS 201.195.

(h) Open or gross lewdness pursuant to NRS 201.210.

(i) Indecent or obscene exposure pursuant to NRS 201.220.

(j) Sexual penetration of a dead human body pursuant to NRS 201.450.

(k) Luring a child or mentally ill person pursuant to NRS 201.560, if punished as a felony.

(l) A violation of NRS 207.180.

(m) An attempt to commit an offense listed in paragraphs (b) to (l), inclusive.

(n) Coercion or attempted coercion that is determined to be sexually motivated pursuant to NRS 207.193.

[6] NRS 176A.110(1).

[7] NRS 176A.110(3)(b).

[8] NRS 176.139.

[9] NRS 176A.110(1), (3).

[10] 2001 Nev. Stat., ch. 345, § 3, at 1638.

the person convicted of the offense does not represent a high risk to reoffend based upon a currently accepted standard of assessment.

Thus, in a given case, who may provide the certification required by NRS 176A.110(1) depends on whether a psychosexual evaluation is required under NRS 176.139.

For those offenses listed in NRS 176A.110(3) for which a psychosexual evaluation is required by NRS 176.139, "the person who conducts the psychosexual evaluation" must provide the certification in the report prepared pursuant to NRS 176.139. Under NRS 176.139(2), the psychosexual evaluation must be conducted by a "person professionally qualified to conduct psychosexual evaluations." NRS 176.133(1)(c) states that a person professionally qualified to conduct a psychosexual evaluation includes "[a] social worker holding a master's degree in social work and licensed in [Nevada] as a clinical social worker." We therefore conclude that such a clinical social worker is qualified to provide the certification necessary for a grant of probation under NRS 176A.110(1)(a).

However, under NRS 176A.110(1)(b), for those offenses listed in NRS 176A.110(3) for which a psychosexual evaluation is not required under NRS 176.139, the certification must be provided by a Nevada-licensed psychiatrist or psychologist who is trained to conduct psychosexual evaluations. In those cases, a clinical social worker may not provide the certification required by NRS 176A.110.

We take this opportunity to question whether the Legislature actually achieved what it apparently intended to accomplish by adoption of NRS 176A.110(1)(b)—to raise the qualification requirements of the professionals performing psychosexual evaluations. This provision unambiguously applies when psychosexual evaluations are not required under NRS 176.139, the statute that governs most sexual offenses. It is only for other offenses, several of which are not sexually related, that NRS 176A.110 compels that a licensed psychiatrist or psychologist provide the required certification for probation.

NRS 176A.110(1)(b) requires that a person providing the certification be more qualified than a person conducting the psychosexual evaluation and certification pursuant to NRS 176A.110(1)(a). During the legislative hearings where the amendments resulting in the adoption of this requirement were considered, a legislator expressed concerns "regarding high profile cases, still believing it should be strictly a licensed psychiatrist or psychologist [who does the evaluation]."[11] The legislator also ex-

---

[11]Hearing on S.B. 548 Before the Assembly Comm. on Judiciary, 71st Leg. (Nev., May 16, 2001) (comments of Assemblyman John Carpenter).

pressed the view that to "achieve the highest standards possible to avoid any situations where the evaluation would be questioned, those people with the highest training possible should conduct those evaluations."[12] Thus, if the purpose behind requiring heightened qualifications for the certifications under NRS 176A.110(1)(b) was to ensure that high profile cases were handled by the most qualified professionals, the actual amendments that were approved did not further that purpose.[13]

NRS 176A.110(1)(b) applies only to those crimes listed in NRS 176A.110(3) for which a psychosexual evaluation is not required under NRS 176.139. This limitation severely restricts the offenses to which NRS 176A.110(1)(b) applies because nearly all of the offenses listed in NRS 176A.110(3) are offenses for which a psychosexual evaluation is required by NRS 176.139. Interestingly, however, NRS 176A.110(1)(b) still subjects a defendant to a psychosexual evaluation and requires certification before the defendant can be granted probation even though the crime committed is not directly sexual in nature. For example, abuse or neglect of a child is a crime included in NRS 176A.110's statutory scheme.[14] If a defendant is convicted of child abuse that is not sexual in nature, then the crime is not a sexual offense requiring a psychosexual evaluation under NRS 176.139 and is therefore governed by the heightened professional standards for the evaluator under NRS 176A.110(1)(b). As a result, for the offense of child abuse or neglect that is not sexual in nature, the statute requires certification by a licensed psychiatrist or psychologist. However, a clinical social worker with sufficient qualifications can perform a psychosexual evaluation and provide the certification for the felony offense of child abuse involving sexual abuse or exploitation. Moreover, the qualifications required for a person evaluating and certifying a defendant convicted of statutory sexual seduction are higher if the defendant is convicted of a gross misdemeanor rather than a felony. For a defendant convicted of statutory sexual seduction as a gross misdemeanor, NRS 176A.110(1)(b) requires that the evaluator be a licensed psychiatrist or psychologist. However, for a defendant convicted of statutory sexual seduction as a felony, NRS 176.133(1)(c) allows the evaluator to be a licensed clinical social worker.

Similar comparisons can be found by examining the offenses listed in NRS 176.133, to which NRS 176A.110(1)(a) applies, and

---

[12]*Id.*

[13]The minutes reflect that there was confusion over which professionals would provide the psychosexual evaluation and certification for offenses listed in NRS 176.133 and offenses listed in NRS 176A.110(3).

[14]NRS 176A.110(3)(d).

the additional offenses listed in NRS 176A.110(3) that are not included in NRS 176.133, to which NRS 176A.110(1)(b) applies. Most of the offenses requiring evaluation and certification by licensed psychiatrists and psychologists are gross misdemeanors that lack a sexual element in the offense. Based on the legislative history of the 2001 amendments to NRS 176A.110, it is doubtful that the Legislature intended this result, but we must give an unambiguous statute its plain meaning.[15]

In this case, Austin pleaded guilty to two counts of felony statutory sexual seduction. A psychosexual evaluation was mandatory under NRS 176.139(1) because statutory sexual seduction prosecuted as a felony is a sexual offense under NRS 176.133(3). Therefore, NRS 176A.110(1)(a) governs the certification requirement for the district court to grant probation. NRS 176A.110(1)(a) requires that the person providing the certification be qualified to conduct the psychosexual evaluation pursuant to NRS 176.139. Graff is licensed by Nevada as a clinical social worker and holds a master's degree in social work.[16] She therefore was qualified to conduct the evaluation under NRS 176.139. Thus, we conclude that the district court did not abuse its discretion in finding Graff qualified to perform Austin's psychosexual evaluation.[17]

## CONCLUSION

The professional qualifications required for the evaluator conducting the psychosexual evaluation and certification for Austin's offense of felony statutory sexual seduction are governed by NRS 176A.110(1)(a) because the crime satisfied the requirements of NRS 176.139. Consequently, Graff was qualified to perform the psychosexual evaluation and render the certification required pursuant to NRS 176.139 and NRS 176A.110(1)(a). Accordingly, we affirm the district court's judgment of conviction.

MAUPIN, C. J., and GIBBONS, J., concur.

---

[15]State v. Quinn, 117 Nev. 709, 713, 30 P.3d 1117, 1120 (2001) (citing State v. State, Employee Assoc., 102 Nev. 287, 289-90, 720 P.2d 697, 699 (1986) (determining that "plain and unambiguous" language within a statute "must be given effect" unless from the language of the statute "it clearly appears that such [an interpretation] was not so intended")).

[16]Graff is also licensed as a clinical social worker in Virginia and has 14 years of experience as a psychotherapist and over 19 years of experience working with sex offenders.

[17]Parrish v. State, 116 Nev. 982, 989, 12 P.3d 953, 957 (2000) (stating that a sentencing determination will not be disturbed on appeal unless the district court abused its discretion).