EVAN EDWARD GOUDGE, APPELLANT, *v.*
THE STATE OF NEVADA, RESPONDENT.

No. 59061

October 25, 2012                                    287 P.3d 301

---

*Graves & Leavitt* and *John J. Graves, Jr.*, Las Vegas, for Appellant.

*Catherine Cortez Masto*, Attorney General, Carson City; *Steven B. Wolfson*, District Attorney, and *Steven S. Owens*, Chief Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, HARDESTY, J.:

In this appeal, we address a district court's discretion when resolving a petition for release from a special sentence of lifetime su-

pervision. NRS 176.0931(3), the statutory provision governing such petitions, provides that a district court "shall grant a petition for release from a special sentence of lifetime supervision" if certain requirements are met. Based on the plain language of this statute, we conclude that the district court has discretion to determine whether a petitioner has met the statutory requirements but lacks discretion to deny a petition for release from lifetime supervision if that court finds the statutory requirements were met. In this case, the district court denied the petition based on victim impact testimony and made no findings as to whether appellant had complied with the statutory requirements. Thus, we reverse the district court's judgment and remand the case for proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

In 2000, the State filed an amended criminal complaint against appellant Evan Goudge, asserting one count of lewdness with a child under 14 years of age with respect to one victim and one count of sexual assault of a minor under 14 years of age with respect to a different victim. Goudge entered into a guilty plea agreement and pleaded guilty to a single count of attempted lewdness with a child under 14 years of age. As part of the plea agreement, Goudge acknowledged that his sentence would include lifetime supervision.

In 2001, the district court entered a judgment of conviction against Goudge, sentencing him to a suspended sentence of incarceration with five years' probation and requiring him to register as a sex offender. In 2005, the district court entered an amended judgment of conviction to include lifetime supervision commencing upon Goudge's release from probation or incarceration.

The next year, Goudge was honorably discharged from his probation.

In 2011, Goudge petitioned for release from lifetime supervision.[1] As part of his petition, he argued that he had complied with all legal requirements imposed on him during probation and supervision, that he had not been convicted of a crime for more than ten years, and that it had been determined that he had a low risk of sexual recidivism. In support of his request to be released from lifetime supervision, Goudge attached to his petition a letter from a licensed clinical social worker and a report assessing Goudge's "current level of sexual recidivism risk to the community." The re-

---

[1]Goudge's petition, which initially also included a request that he be relieved from registering as a sex offender, was purportedly filed pursuant to NRS 179D.490, but that statute only applies to the sex offender registration requirement. Ultimately, the parties and the district court evaluated Goudge's lifetime supervision petition under NRS 176.0931, which is the statute at issue in this appeal.

port, which was prepared by Angele Morgan, a "[s]tate approved evaluator for psychosexual evaluations and sex offender specific treatment," discussed the criminal charges against Goudge, his past and present significant relationships, profession, goals, and probation history. The report indicated that Goudge felt remorseful for his actions.

In the report, Morgan also discussed Goudge's risk assessment. She opined that Goudge had a "low risk for sexual recidivism" pursuant to the Sex Offender Needs Assessment Rating (SONAR), a risk assessment instrument that "measure[s] changes in risk levels for sexual offenders." Morgan noted that Goudge had no formal probation violations, although, in the pre-interview for a polygraph test that he had taken, he had self-reported two minor probation violations for alcohol use and viewing pornography. Morgan also stated that Goudge did not disclose the self-reported violations or the results of the polygraph test in the interview with her, but she noted that Goudge's current supervisor had informed her that Goudge had passed the polygraph exam. Morgan concluded that Goudge presented "as a low risk for sexual recidivism based on his SONAR score and his continued compliance under supervision over the last 10 years." She also concluded that Goudge appeared to be an appropriate candidate for release from lifetime supervision. In its opposition to the petition, the State opposed Goudge's request for release from lifetime supervision but observed that "it appears that [Goudge] has met the requirements of NRS 176.0931 inclusive, and is entitled to release from lifetime supervision under the statute."

The district court held a hearing on the lifetime supervision issue, during which the two victims and another member of their family testified.[2] Both alleged victims expressed concern regarding Goudge's potential release from supervision and indicated that they were still traumatized by his conduct. However, they also acknowledged that they had no contact with Goudge in the ten years preceding the hearing.

At the conclusion of the hearing, Goudge's counsel argued that release from lifetime supervision was required because Goudge had complied with the statutory requirements for release, whereas the

[2]Before this hearing, the Nevada Division of Parole and Probation (P&P) informed the district court that Goudge's "[p]sychosexual [e]valuation was provided by a valid state approved sex offender specific treatment agency," and it provided the district court with a risk assessment from Goudge's probation officers.

P&P also provided Goudge with documents that were used during Goudge's sentencing and that would be referred to at the lifetime supervision hearing. Further, P&P provided to the court and Goudge a recent statement from a licensed clinical social worker, recounting a recent visit she had with one of the victims, concluding that the victim had "[lifelong] damage," and requesting that Goudge continue to be subject to lifetime supervision.

State argued that the statutory framework gave the district court discretion to determine Goudge's "future dangerousness and whether or not lifetime supervision should be continued based upon that." The State also argued that, based on the testimony and other factors, there was "a showing of potential future dangerousness." The State refuted the validity of Morgan's report, arguing, among other things, that it only acknowledged one victim, even though there were multiple victims.

After the hearing, the district court entered an order denying Goudge's petition "based on the severity of the crime committed." Without analyzing the NRS 176.0931 factors, the district court found that it had discretion to consider witness testimony in evaluating whether appellant was a proper candidate for release from lifetime supervision. Based on "the totality of the circumstances," the district court found that Goudge was not such a candidate. Specifically, because of "concerns raised by the victim in the hearing on the matter," the district court was not satisfied that Goudge was no longer a threat to society. This appeal followed.

## DISCUSSION

Determining the extent of a district court's discretion to resolve a petition for release from lifetime supervision requires us to interpret NRS 176.0931. Statutory interpretation questions are subject to de novo review. *See Webb v. Shull*, 128 Nev. 85, 88, 270 P.3d 1266, 1268 (2012). When a statute's language is clear, this court will apply the plain language in interpreting the statute. *Id.*; *see also Otak Nevada, LLC v. District Court*, 127 Nev. 593, 598, 260 P.3d 408, 411 (2011) (explaining that when a statutory phrase is clear and unambiguous, this court must give effect to that clear meaning and will not consider sources beyond the language of the statute to interpret it).

I.

On appeal, Goudge argues that he complied with the statutory requirements to earn a release from lifetime supervision and, thus, that the district court was required to grant his petition for release. In response, the State contends that, because determining punishments is within the purview of the district court, the court maintained discretion to decide whether Goudge would be relieved of his punishment. In furtherance of this argument, the State contends that Morgan's report was merely a recommendation, which the court was not obligated to follow in deciding whether to grant Goudge release from lifetime supervision.

When a person is convicted of a sexual offense, the district court is required to include a special sentence of lifetime supervision as part of the defendant's sentence. NRS 176.0931(1). This special sentence begins after any period of probation, term of imprisonment, or period of release on parole. NRS 176.0931(2). The person sentenced to lifetime supervision can petition the district court for release from lifetime supervision, however, if he or she satisfies three statutory requirements.[3] NRS 176.0931(3). First, the petitioner must have complied with Nevada's statutory requirements governing registration of sex offenders. NRS 176.0931(3)(a); NRS 179D.010-.550. Second, the petitioner must not have "been convicted of an offense that poses a threat to the safety or well-being of others for an interval of at least 10 consecutive years after the person's last conviction or release from incarceration, whichever occurs later." NRS 176.0931(3)(b). Third, the petitioner must not be "likely to pose a threat to the safety of others, as determined by a person professionally qualified to conduct psychosexual evaluations, if released from lifetime supervision." NRS 176.0931(3)(c). A " '[p]erson professionally qualified to conduct psychosexual evaluations' means a person who has received training in conducting psychosexual evaluations," and is a psychiatrist, psychologist, social worker, registered psychiatric nurse, marriage and family therapist, or clinical professional counselor. NRS 176.133(1); NRS 176.0931(5)(b).

According to NRS 176.0931, if the petitioner meets the requirements set forth in NRS 176.0931(3), the district court "shall grant [the] petition" for release from lifetime supervision. The use of the word "shall" in the statute divests the district court of judicial discretion. *See* NRS 0.025(1)(d); *see also Otak Nevada*, 127 Nev. at 598, 260 P.3d at 411. This court has explained that, when used in a statute, the word "shall" imposes a duty on a party to act and prohibits judicial discretion and, consequently, mandates the result set forth by the statute. *Id.*; *see also Johanson v. Dist. Ct.*, 124 Nev. 245, 249-50, 182 P.3d 94, 97 (2008) (explaining that " " "shall" is mandatory and does not denote judicial discretion' " (quoting *Washoe Med. Ctr. v. Dist. Ct.*, 122 Nev. 1298, 1303, 148 P.3d 790, 793 (2006))).

Although the State argues that divesting a district court of discretion in this context renders the role of the judiciary meaningless with regard to determining whether convicted sex offenders are

---

[3]A defendant can also petition the State Board of Parole Commissioners, which takes on the same role as the sentencing court in such situations. Because that was not the case here, we limit our discussion of NRS 176.0931(3) to the sentencing court.

ready to be released from lifetime supervision, reading the statute as mandatory does not encroach upon the judicial function. While a sentencing court has wide discretion in making sentencing decisions, *Denson v. State*, 112 Nev. 489, 492, 915 P.2d 284, 286 (1996), the Legislature is empowered to define crimes and determine punishments, as long as it does so within constitutional limits. *Schmidt v. State*, 94 Nev. 665, 668, 584 P.2d 695, 697 (1978). Moreover, "it is within the Legislature's power to completely remove any judicial discretion to determine a criminal penalty by creating mandatory sentencing schemes." *Mendoza-Lobos v. State*, 125 Nev. 634, 640, 218 P.3d 501, 505 (2009).

Because the Legislature can define punishments, we conclude that it is within the Legislature's power to limit punishments as well. Therefore, when the Legislature imposes mandatory language limiting the extent of a punishment, the district court must comply with the Legislature's mandate. Based on the plain language of NRS 176.0931, we conclude that the Legislature has limited the district court's discretion in the context of a petition for release from lifetime supervision, such that if the district court determines that a petitioner has complied with the statutory requirements, the district court lacks discretion to deny the petition for release from lifetime supervision.

## II.

We now consider the district court's assessment of Goudge's petition for release in this case. Whether a petitioner has satisfied the requirements of NRS 176.0931(3) involves factual determinations, which are given deference on appeal if they are supported by substantial evidence and are not clearly erroneous. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). Additionally, a district court's decision as to whether a person is qualified to conduct a psychosexual evaluation is reviewed for an abuse of discretion. *See Austin v. State*, 123 Nev. 1, 8, 151 P.3d 60, 64 (2007) (reviewing the district court's decision as to whether a clinical social worker was qualified to perform a psychosexual evaluation for an abuse of discretion).

In reaching its decision with regard to a petition for release from lifetime supervision, we conclude that the district court must make factual findings in the record to support its ultimate conclusions with regard to each of the statutory requirements. *See Lioce v. Cohen*, 124 Nev. 1, 19-20, 174 P.3d 970, 982 (2008) (providing that a district court must make specific findings on the record when deciding a motion for a new trial). This is so because, when the district court fails to articulate its reasons for making a particular decision, this court cannot properly review that decision. *Webb*, 128 Nev. at 93, 270 P.3d at 1271.

With regard to NRS 176.0931(3)'s requirements for release from lifetime supervision, the State only disputes Goudge's compliance with NRS 176.0931(3)(c), and therefore, we focus on that provision. As noted, NRS 176.0931(3)(c) provides that "a person professionally qualified to conduct psychosexual evaluations" must determine that the petitioner "is not likely to pose a threat to the safety of others . . . if released from lifetime supervision." Thus, in considering this factor, the district court must determine whether the person who has performed the psychosexual evaluation is qualified to conduct such evaluations and, if so, whether that person has determined that the petitioner is not likely to pose a threat to the safety of others if released from supervision. If the court finds that the statutory expert is qualified and that the expert's opinion is sufficiently supported, then the third requirement has been satisfied. As long as the other two requirements are also satisfied, the petitioner is entitled to release from lifetime supervision.

Here, the district court did not address Morgan's qualifications or make any findings about the sufficiency of Morgan's opinion that Goudge was a low risk for sexual recidivism. See Rosky v. State, 121 Nev. 184, 191, 111 P.3d 690, 695 (2005) (explaining, in the context of a motion to suppress, that "[r]eviewing courts should not be required to surmise what factual findings that the trial court has made" (internal quotation omitted)). Indeed, the district court did not mention Morgan or her report at all. Rather, the district court's abbreviated discussion of whether Goudge posed a threat to society focused on the "concerns raised by the victim in the hearing on the matter." Victim testimony, however, is not a factor to be considered under NRS 176.0931(3). Because the district court failed to make any relevant findings related to the requirement set forth in NRS 176.0931(3)(c), we are unable to review the district court's factual findings for clear error and, ultimately, to determine whether Goudge's petition was properly denied. Accordingly, we reverse and remand this matter to the district court for further proceedings consistent with this opinion.

CHERRY, C.J., and DOUGLAS, SAITTA, GIBBONS, PICKERING, and PARRAGUIRRE, JJ., concur.