An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MATHEW LEE WILLIAMS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62302

**FILED**

SEP 18 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction entered pursuant to a guilty plea of lewdness with a child under the age of fourteen years. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

Appellant Mathew Lee Williams contends that the statute fixing his punishment is unconstitutional as a matter of law. "The constitutionality of a statute is a question of law that we review de novo. Statutes are presumed to be valid, and the challenger bears the burden of showing that a statute is unconstitutional. In order to meet that burden, the challenger must make a clear showing of invalidity." *Silvar v. Eighth Judicial Dist. Court*, 122 Nev. 289, 292, 129 P.3d 682, 684 (2006) (footnotes omitted).

NRS 201.230(2) imposes a mandatory minimum sentence of life imprisonment with the possibility of parole for a first offense of lewdness with a child. Williams argues that this statute unconstitutionally violates substantive due process because the punishment for this crime was arbitrarily increased by the Legislature over a ten-year period, effectively decreasing the district court's sentencing discretion and contributing to prison overcrowding. Williams further

argues that the statute violates the constitutional proscription against cruel and unusual punishment because it imposes a sentence that is disproportionate to the offense, is greater than necessary to meet society's interests, and is overly severe when compared with the sentences imposed by other jurisdictions.

Because Williams has not demonstrated that the Legislature acted arbitrarily by increasing the punishment for lewdness with a child, *see Goudge v. State*, 128 Nev. ___, ___, 287 P.3d 301, 304 (2012) ("[T]he Legislature is empowered to define crimes and determine punishments, as long as it does so within constitutional limits. Moreover, it is within the Legislature's power to completely remove any judicial discretion to determine a criminal penalty by creating mandatory sentencing schemes." (internal citation and quotation marks omitted)), nor supported his cruel-and-unusual-punishment argument with tangible evidence, he has not made a clear showing that the statute is invalid. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.          _____, J.
Douglas                               Saitta


cc:    Hon. Patrick Flanagan, District Judge
       Karla K. Butko
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk