140 Nev., Advance Opinion 20

IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPHER KABEW,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
MICHELLE LEAVITT, DISTRICT
JUDGE,
Respondents,
    and
THE STATE OF NEVADA,
Real Party in Interest.

No. 86982

FILED

MAR 28 2024

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

        Original petition for a writ of mandamus challenging a district court order denying a motion to set aside a judgment of conviction.

        *Petition granted.*


Darin F. Imlay, Public Defender, and Cherae Muije, Deputy Public Defender, Clark County,
for Petitioner.

Aaron D. Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Alexander Chen, Chief Deputy District Attorney, Clark County,
for Real Party in Interest.

_____

BEFORE THE SUPREME COURT, STIGLICH, PICKERING, and PARRAGUIRRE, JJ.

24-11078

## OPINION

By the Court, STIGLICH, J.:

Petitioner Christopher Kabew pleaded guilty to attempted residential burglary and was placed on probation. As a term of probation, Kabew had to successfully complete a substance abuse treatment program. Kabew did so and moved the district court to set aside the judgment of conviction under NRS 176A.240(6)(a). The district court denied the motion and honorably discharged Kabew from probation.

In this original proceeding, we consider a district court's discretion when resolving cases under NRS 176A.240(6)(a). That statute provides that when a defendant fulfills the terms and conditions of probation pursuant to a substance abuse treatment program (drug court), a district court "[s]hall discharge the defendant and dismiss the proceedings or set aside the judgment of conviction, as applicable, unless the defendant" has either a prior felony conviction or previously failed a specialty court program. We hold that the statute does not afford district courts any discretion to deny a motion to set aside the judgment of conviction when the defendant meets the statutory requirements. Accordingly, we grant the petition.

### FACTS AND PROCEDURAL HISTORY

The State charged Kabew with stalking and attempted residential burglary. Kabew pleaded guilty to attempted residential burglary—a category C felony—pursuant to plea negotiations. In exchange for Kabew's guilty plea, the State agreed to dismiss two other cases and to not oppose probation with drug court as a condition. The district court entered a judgment of conviction, imposing a suspended sentence of 12-36 months and placing Kabew on probation for a period not to exceed 24

 

months. In addition to the general terms of probation, the district court imposed special conditions, including that Kabew enroll in and complete the drug court program. The conviction was Kabew's first felony conviction.

Kabew successfully completed the drug court program. Accordingly, Kabew requested that the case be dismissed under NRS 176A.240(6)(a), which provides that upon a defendant's "fulfillment of the terms and conditions" of drug court, the district court "[s]hall discharge the defendant and dismiss the proceedings or set aside the judgment of conviction" unless the defendant has a prior felony conviction or previously failed to complete a specialty court program. The district court declined to dismiss the case but permitted the parties to brief the issue. In response, Kabew filed a motion to set aside the judgment of conviction. Kabew argued that the use of the word "shall" in NRS 176A.240(6)(a) required the district court to set aside the judgment of conviction. The State argued that the motion should be denied for two reasons. First, the State asserted that reading NRS 176A.240(6)(a) as mandatory would unconstitutionally usurp the district court's discretion in setting aside a judgment of conviction. Second, the State asserted that setting aside the judgment of conviction went against the "spirit" of the guilty plea negotiations.

After hearing argument, the district court orally denied the motion without explanation. The district court entered a written order summarily denying the motion and honorably discharging Kabew from probation. This petition for a writ of mandamus followed.

## DISCUSSION

*We elect to entertain the petition*

Kabew seeks a writ of mandamus to compel the district court to enter an order setting aside the judgment of conviction. A writ of mandamus is available to compel the performance of an act that the law

requires as a duty resulting from an office or to control a manifest or arbitrary or capricious exercise of discretion. NRS 34.160; *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). It is within our discretion to determine if a petition for extraordinary relief will be considered. *Poulos v. Eighth Jud. Dist. Ct.*, 98 Nev. 453, 455, 652 P.2d 1177, 1178 (1982); *State, Off. of the Att'y Gen. v. Just. Ct. of Las Vegas Twp. (Escalante)*, 133 Nev. 78, 80, 392 P.3d 170, 172 (2017). A writ of mandamus will not issue when there is a plain, speedy, and adequate remedy at law. NRS 34.170.

Kabew asserts that this court should entertain the petition for three reasons. First, Kabew has no adequate remedy at law because the district court's order is not appealable. Second, this petition presents an issue of statewide importance affecting numerous successful drug court participants who are entitled to have their convictions set aside. Finally, the district court failed to perform an act required by law because NRS 176A.240(6)(a) is mandatory. We agree and exercise our discretion to entertain the petition because Kabew does not have an adequate remedy at law to challenge the district court's order and the interpretation of NRS 176A.240(6)(a) is an important issue requiring clarification that would provide needed guidance to lower courts. *Escalante*, 133 Nev. at 80, 392 P.3d at 172.

*The district court improperly denied the motion to set aside the judgment of conviction*

Entertaining the merits of this writ petition requires us to interpret NRS 176A.240. Questions of statutory construction are reviewed de novo. *Escalante*, 133 Nev. at 80-81, 392 P.3d at 172; *Hobbs v. State*, 127 Nev. 234, 237, 251 P.3d 177, 179 (2011). We look first to the statute's plain

language. *Id.* When the plain language is clear and unambiguous, we will give effect to the clear meaning and "enforce the statute as written." *Id.*

*NRS 176A.240(6)(a) imposes a duty to act and affords district courts no discretion*

Kabew argues that NRS 176A.240(6)(a) is mandatory because it uses the word "shall," and therefore, the district court failed to perform an act (setting aside the judgment of conviction) required by law. In the State's view, NRS 176A.240(6)(a) is discretionary, and the district court did not manifestly abuse its discretion in denying the motion to set aside the judgment of conviction.

NRS 0.025(1)(d) provides that "'[s]hall' imposes a duty to act" unless "otherwise expressly provided in a particular statute or required by the context." Consistent with that definition, we generally construe "shall" as mandatory. *Thomas v. State*, 88 Nev. 382, 384, 498 P.2d 1314, 1315 (1972); *see also Goudge v. State*, 128 Nev. 548, 553, 287 P.3d 301, 304 (2012) ("This court has explained that, when used in a statute, the word 'shall' imposes a duty on a party to act and prohibits judicial discretion and, consequently, mandates the result set forth by the statute.").

Under NRS 176A.240(1), the district court has discretion to make the successful completion of a substance use disorder program a condition of a defendant's terms of probation. NRS 176A.240(6) provides two outcomes after a defendant successfully completes a substance abuse treatment program as a condition of probation. Those outcomes depend on whether the defendant has previously been convicted of a felony or failed a specialty court program. If the defendant has no prior felony conviction and has not previously failed a specialty court program, subsection 6(a) provides that the district court *"[s]hall* discharge the defendant and dismiss the proceedings or set aside the judgment of conviction." (Emphasis added.)

But if the defendant has previously been convicted of a felony or failed a specialty court program, subsection 6(b) provides that the district court "*[m]ay* discharge the defendant and dismiss the proceedings or set aside the judgment of conviction." (Emphasis added.)

Clearly, the use of "shall" and "may" in the two subsections indicates that the Legislature used "shall" in subsection 6(a) to differentiate between defendants based on their history when it comes to felony convictions and specialty court programs. *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 170 (2012) ("[W]here the document has used one term in one place, and a materially different term in another, the presumption is that the different term denotes a different idea."). Because the statute uses "shall" with respect to defendants with no prior felony convictions or failed efforts in a specialty court program and "may" with respect to repeat offenders and those who previously failed to complete a specialty court program, the Legislature clearly intended to remove a district court's discretion under subsection 6(a) while affording a district court discretion under subsection 6(b). Reading the word "shall" in NRS 176A.240(6)(a) as discretionary would thwart, not further, that legislative objective. We therefore interpret the word "shall" by its ordinary meaning as provided in NRS 0.025(1)(d).

The State concedes that the statute's plain language demonstrates that the Legislature worded it so as to remove judicial discretion. Nevertheless, the State urges us to disregard the plain meaning and construe the statute as discretionary because the decision to set aside a judgment of conviction is a judicial function. When a statute intrudes on the functions of the judicial branch, this court may construe the statute as directory rather than mandatory. *State v. Am. Bankers Ins. Co.*, 106 Nev.

880, 883, 802 P.2d 1276, 1278 (1990) ("When statutory provisions 'relate to judicial functions, they should be regarded as directory only.'" (quoting *Waite v. Burgess*, 69 Nev. 230, 234, 245 P.2d 994, 996 (1952))).

In *Goudge v. State*, this court considered whether district courts had discretion to release a defendant from lifetime supervision after the defendant satisfied the statutory requirements for release under NRS 176.0931. 128 Nev. at 552, 287 P.3d at 303. The State argued that "determining punishments is within the purview of the district court." *Id.* Accordingly, the State asserted "that divesting a district court of discretion in this context renders the role of the judiciary meaningless with regard to determining whether convicted sex offenders are ready to be released from lifetime supervision." *Id.* at 553-54, 287 P.3d at 304. This court disagreed and concluded that "reading the statute as mandatory does not encroach upon the judicial function." *Id.* at 554, 287 P.3d at 304. This court explained that when the Legislature uses the mandatory word "shall" to limit the extent of a punishment, "the district court must comply with the Legislature's mandate." *Id.*

We find the reasoning in *Goudge* applicable to this case. Construing NRS 176A.240(6)(a) as mandatory does not "usurp" a judicial function. "[T]he [L]egislature, within constitutional limits, is empowered to define crimes and determine punishments . . . ." *Schmidt v. State*, 94 Nev. 665, 668, 584 P.2d 695, 697 (1978). And this court has recognized that "it is within the Legislature's power to completely remove any judicial discretion to determine a criminal penalty by creating mandatory sentencing schemes." *Mendoza-Lobos v. State*, 125 Nev. 634, 640, 218 P.3d 501, 505 (2009). Because the Legislature defines the framework of the specialty court programs, it is within the Legislature's authority to define

the outcome for a probationer who successfully completes one of those programs. In NRS 176A.240(6)(a), the Legislature has provided certain probationers a benefit based on their successful completion of a drug court program. Where a defendant has satisfied the terms and conditions of probation and met the requirements under NRS 176A.240(6)(a), the district court lacks discretion to deny the motion to set aside the judgment of conviction. Accordingly, we decline the State's invitation to eschew the provision's plain meaning and thus interpret the statutory language as written. In doing so, we elect to abide by the legislative mandate contained in NRS 176A.240(6)(a) because it serves the legitimate goal of providing first-time felons who have not previously failed to complete a drug court program an opportunity to reenter society without the impediments of a felony conviction.

*Kabew is entitled to have the judgment of conviction set aside pursuant to NRS 176A.240(6)(a)*

We next consider the district court's denial of Kabew's motion in this case. The State does not dispute that Kabew met the statutory requirements provided in NRS 176A.240(6)(a). Instead, the State argues that interpreting NRS 176A.240(6)(a) as mandatory goes against the "spirit" of Kabew's guilty plea agreement because the plea agreement did not contemplate NRS 176A.240(6)(a) and prosecutors will be dissuaded from negotiating plea agreements.[1] Neither argument is relevant to interpreting the statute. *See Platte River Ins. Co. v. Jackson*, 137 Nev. 773,

---

[1]Notably, NRS 176A.240 was in effect when Kabew entered his guilty plea. 2019 Nev. Stat., ch. 633, § 22, at 4391; 2019 Nev. Stat., ch. 633, § 137(2), at 4488 (providing that the law became effective on July 1, 2020); *see also Smith v. State*, 38 Nev. 477, 481, 151 P. 512, 513 (1915) (noting that "[e]very one is presumed to know the law").

778, 500 P.3d 1257, 1262 (2021) (explaining that this court "may not adopt an interpretation contrary to a statute's plain meaning merely because we 'disagree[ ] with the wisdom of the Legislature's policy determinations'" (alteration in original) (quoting *Anthony v. State*, 94 Nev. 338, 341, 580 P.2d 939, 941 (1978))).

Moreover, we find the State's policy concerns to be inconsequential in light of NRS 176A.240(7), which provides that a discharge and dismissal under the statute is not a conviction for public or private purposes "but is a conviction for the purpose of additional penalties imposed for second or subsequent convictions or the setting of bail." Thus, the statute allows a successful first-time drug court participant to reenter society without the conviction on their public record, while ensuring that the conviction nonetheless can be used for enhancement purposes if that person reoffends. Having decided that NRS 176A.240(6)(a) removes judicial discretion under the facts presented in this case, we conclude the district court failed to perform a duty required by law.

## CONCLUSION

We hold that NRS 176A.240(6)(a) removes judicial discretion in cases where a defendant fulfills the terms and conditions of probation pursuant to a drug court program and satisfies the statutory requirements. Because Kabew satisfied those conditions and met both requirements under NRS 176A.240(6)(a), the district court had no discretion to deny the motion to set aside the judgment of conviction. Accordingly, we conclude that the district court failed to perform a duty required by law. Therefore, we grant the petition and direct the clerk of this court to issue a writ of mandamus

directing the district court to enter an order setting aside the judgment of conviction.

_____Stiglich_____, J.
Stiglich


We concur:

_____Pickering_____, J.
Pickering

_____Parraguirre_____, J.
Parraguirre

SUPREME COURT
OF
NEVADA

(O) 1947A