141 Nev., Advance Opinion 17

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTHONY RAY PRICE,
Petitioner,
vs.
THE SECOND JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
WASHOE; AND THE HONORABLE
EGAN K. WALKER, DISTRICT JUDGE,
Respondents,
 and
THE STATE OF NEVADA,
Real Party in Interest.

No. 88006



FILED

APR 17 2025

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus challenging a district court order finding petitioner competent to stand trial.

*Petition granted.*

Katheryn A.B. Hickman, Alternate Public Defender, and Ian E. Silverberg, Deputy Alternate Public Defender, Washoe County,
for Petitioner.

Aaron D. Ford, Attorney General, Carson City; Christopher J. Hicks, District Attorney, and Jennifer P. Noble, Chief Deputy District Attorney, Washoe County,
for Real Party in Interest.

BEFORE THE SUPREME COURT, EN BANC.

25-17240

*OPINION*

By the Court, PARRAGUIRRE, J.:

When a defendant who is charged with a felony is found incompetent to stand trial, NRS 178.425 mandates that proceedings against the defendant must be suspended until the Administrator of the Division of Public and Behavioral Health, or their designee, determines competency has been restored. Because the district court in this case abused its discretion by finding a defendant competent to stand trial without any input from a competency treatment facility after previously finding the defendant incompetent to stand trial, we grant mandamus relief.

### RELEVANT FACTS AND PROCEDURAL HISTORY

Petitioner Anthony Price is separately charged with two felonies. On August 10, 2023, both matters were stayed pending a competency determination pursuant to NRS 178.425. Price was evaluated by two doctors, both of whom determined that he was likely not competent but there were signs of possible malingering. Following an evidentiary hearing, the district court found Price incompetent to stand trial and ordered him to competency treatment at Lakes Crossing Center.

While Price was still on the waitlist to enter Lakes Crossing Center, he was held at the Washoe County Detention Center. The State requested a second evidentiary hearing on competency, believing that certain inmate request forms filed by Price and other behavior he displayed while in jail demonstrated that he had feigned incompetence to delay the proceedings and seek dismissal of his charges. At the second evidentiary hearing, two witnesses from the Washoe County Detention Center testified that they had no concerns regarding Price's behavior or mental health.



Following the hearing, the district court determined Price was competent to stand trial. Price then filed the instant petition for a writ of mandamus.

## DISCUSSION

Price argues in his petition that the district court manifestly abused its discretion or acted arbitrarily and capriciously in finding him competent based on information from the jail and the inmate request forms rather than on information from the Administrator of the Division of Public and Behavioral Health as required by NRS 178.425(4).

*We exercise our discretion to address the petition*

Writ relief is an extraordinary remedy, and it is therefore "within the discretion of this court to determine if a petition will be considered." *Clay v. Eighth Jud. Dist. Ct.*, 129 Nev. 445, 450, 305 P.3d 898, 901 (2013). This court will exercise its discretion to consider petitions for extraordinary writs "only when there is no plain, speedy and adequate remedy in the ordinary course of law or there are either urgent circumstances or important legal issues that need clarification in order to promote judicial economy and administration." *Cheung v. Eighth Jud. Dist. Ct.*, 121 Nev. 867, 869, 124 P.3d 550, 552 (2005) (internal quotation marks and footnote omitted).

We exercise our discretion to address the petition because it presents an important issue of first impression regarding the language of NRS 178.425(4) and whether new evidence suggesting malingering supersedes the mandate of the statute. Further, Price does not have an adequate alternative remedy at law because an appeal from conviction would require him to face trial while potentially incompetent, which in itself is a statutory and a constitutional violation. *See* NRS 178.400(1); *Indiana v. Edwards*, 554 U.S. 164, 170 (2008).

*Price is entitled to mandamus relief*

"A writ of mandamus is available to . . . control a manifest abuse or arbitrary or capricious exercise of discretion." *State v. Eighth Jud. Dist. Ct. (Armstrong)*, 127 Nev. 927, 931, 267 P.3d 777, 779 (2011) (citation omitted). "A manifest abuse of discretion is '[a] clearly erroneous interpretation of the law or a clearly erroneous application of a law or rule.'" *Id.* at 932, 267 P.3d at 780 (alteration in original) (quoting *Steward v. McDonald*, 958 S.W.2d 297, 300 (Ark. 1997)). "An arbitrary or capricious exercise of discretion is one founded on prejudice or preference rather than on reason, or contrary to the evidence or established rules of law." *Id.* at 931-32, 267 P.3d at 780 (internal quotation marks and citations omitted).

Price argues that the district court manifestly abused its discretion or acted arbitrarily and capriciously because NRS 178.425(4) provides that once a defendant who has been charged with a felony is found incompetent, the district court has no authority to subsequently find him competent without a finding by the Administrator. This court reviews questions of statutory interpretation "de novo and begins with the statutory text." *Sena v. State*, 138 Nev. 310, 322, 510 P.3d 731, 745 (2022). NRS 178.425(4) states, in relevant part:

> [P]roceedings against the defendant *must be suspended until the Administrator or the Administrator's designee* or, if the defendant is charged with a misdemeanor, the judge finds the defendant capable of standing trial or opposing pronouncement of judgment as provided in NRS 178.400.

(Emphasis added.) Based on the plain language of the statute, once a defendant who is charged with a felony is found incompetent and ordered to a treatment facility, the only person with authority to find the defendant competent is the Administrator or their designee. The statute does not

SUPREME COURT
OF
NEVADA

(O) 1947A

4

contain any exceptions or conditions under which a district court may unilaterally revisit the competency finding without input from the Administrator, unless the defendant is charged with a misdemeanor.

As an alternative interpretation, the State suggests that the term "proceedings" within the statute refers only to the underlying criminal proceedings and does not include the civil competency proceedings themselves. Therefore, the State argues, though the criminal proceedings are stayed, a court may still reconsider its initial finding of incompetency, especially where credible additional evidence regarding competency is uncovered.

From a public policy standpoint, the State's reading of the statute would promote efficiency by discouraging defendants from feigning incompetence to delay proceedings and seek dismissal. But this court is not in the business of altering public policy where the Legislature has provided a clear mandate. Here, NRS 178.425(4) expressly allows a court to revisit its incompetency determination in cases where the defendant is charged with a misdemeanor but not where the defendant is charged with a felony. The State's reading of the statute would render the portion of the statute allowing a court to revisit its incompetency finding in a misdemeanor case superfluous. *See Tough Turtle Turf, LLC v. Scott*, 139 Nev., Adv. Op. 47, 537 P.3d 883, 886 (2023) (stating that when interpreting a statute, "[a]ll provisions are considered together so as not to render any part of the statute superfluous"). Thus, we decline to adopt the State's reading of the statute.

Here, the district court initially found Price incompetent and ordered him to treatment, but then later readdressed its initial finding and found him to be competent before he was ever transferred to a treatment facility and before the Administrator had a chance to evaluate his

competency. Because the plain language of NRS 178.425(4) does not allow a court to do so, the district court manifestly abused its discretion.

## CONCLUSION

NRS 178.425(4) does not allow a district court to revisit its determination of incompetency without input from the Administrator or their designee. The district court here manifestly abused its discretion in doing just that. We therefore grant the petition and direct the clerk of this court to issue a writ of mandamus instructing the district court to vacate its order finding the defendant competent to stand trial.[1]

_____, J.
Parraguirre

We concur:

_____, J.
Bell

_____, J.
Stiglich

_____, J.
Lee

---

[1]The stay imposed by this court on February 13, 2024, is hereby lifted.

SUPREME COURT
OF
NEVADA

(O) 1947A

HERNDON, C.J., with whom PICKERING and CADISH, JJ., join, concurring in the result:

I agree with my colleagues in the decision to entertain the instant writ petition and in their opinion that NRS 178.425(4) does not allow the district court, in the manner it did so here, to find an incompetent defendant competent to stand trial until the Administrator makes that determination. Absent input from the Administrator, the district court here clearly violated the statute by finding petitioner Anthony Price incompetent and thereafter doing an about-face and finding him competent without the benefit of any new medical expert evidence. Under the facts of this case, I agree that mandamus relief is warranted and concur in the result. But I write separately because I do not believe that NRS 178.425(4) prohibits district courts from reconsidering competency issues in certain situations. Rather, I believe a more nuanced interpretation of the statute is appropriate to allow district courts to revisit decisions and appropriately manage their cases.

In this case, based on two medical evaluations, the district court determined Price was not competent to stand trial. These evaluations, however, were hardly definitive. Rather, both evaluators noted signs of malingering, with one doctor stating that Price did not cooperate, which made him difficult to evaluate. For example, Price claimed he either did not understand the questions asked, or he did not know the answers. But Price understood enough to tell the doctor plainly that he is not competent to stand trial and that *he hoped to be transferred to a psychiatric facility*. Given that Price only answered questions to suggest he was incompetent, the doctor concluded that some amount of malingering was *likely*. Despite

the signs of malingering, the doctors also expressed concern that Price could be suffering from a mental illness.

After an evidentiary hearing, the district court declared Price incompetent and referred him to Lakes Crossing for competency restoration treatment. But when the State obtained new information (i.e., correction officers' observations of Price, motions authored by Price, etc.), it filed a motion for reconsideration, arguing that Price was competent and malingering. The district court agreed and reversed its prior determination, finding that Price was competent.

The majority believes that, after a district court makes a finding of incompetency, NRS 178.425(4) prohibits the court from engaging in *any* proceedings at all regarding competency until the Administrator finds the defendant competent. As the majority explains, "the State argues, though the criminal proceedings are stayed, a court may still reconsider its initial finding of incompetency, especially where credible additional evidence regarding competency is uncovered." Majority op. at 5. Despite recognizing the merit of the State's reading "[f]rom a public policy standpoint," given that it "would promote efficiency," the majority expressly spurns this reading of NRS 178.425(4). Majority op. at 5. The majority insists that NRS 178.425(4) cannot be so construed or else the words "or, if the defendant is charged with a misdemeanor, the judge finds the defendant capable of standing trial" in NRS 178.425(4) would be made superfluous. Majority op. at 5. I disagree.

I read NRS 178.425(4) as prohibiting one thing: the prosecution of an incompetent defendant (charged with a felony) until the Administrator "finds the defendant capable of standing trial or opposing pronouncement of judgment." *See* NRS 178.405(1) (requiring the courts to suspend the

proceedings "if doubt arises as to the competence of the defendant"). If a court violates NRS 178.425(4), it unjustly resumes the prosecution in violation of due process and fundamental fairness. *See Lipsitz v. State*, 135 Nev. 131, 135, 442 P.3d 138, 142 (2019) ("The Due Process Clause of the Fourteenth Amendment provides that a criminal defendant may not be prosecuted if he or she lacks competence to stand trial."); NRS 178.400(1) (providing the same protection statutorily). But, in my view, reconsidering a questionable determination of incompetency, due to the defendant's alleged malingering, does not violate the statute.

One of the unfortunate realities of competency proceedings is that defendants may imitate incompetence to delay the prosecution. But defendants faking incompetence does not make them incompetent. Fundamentally, one must generally understand what he or she is pretending not to understand. *Compare* NRS 178.400(2)(b) (providing that an incompetent defendant is one unable to "[u]nderstand the nature and purpose of the court proceedings"), *with Malinger, Black's Law Dictionary* (12th ed. 2024) (defining "malinger" as "[t]o feign illness or disability, esp. *in an attempt to avoid an obligation*" (emphasis added)). If an initial determination of incompetency is proven erroneous on reconsideration through competent evidence of malingering, the district court does not violate NRS 178.425(4) by revisiting the competency proceedings. In such circumstances, the defendant was never genuinely incompetent.

To be clear, merely presenting evidence that things have changed is insufficient. A genuinely incompetent defendant may show signs of improvement due to various factors, e.g., being prescribed efficacious medication. Declaring such a defendant competent would be a new determination prohibited by NRS 178.425(4)—not a reconsideration of the

first determination based on evidence that the defendant malingered when initially evaluated. Thus, district courts are not entirely prohibited from revisiting issues of competency because I believe the Legislature intended NRS 178.425(4) to prohibit a court from engaging in *proceedings within the criminal case* while a defendant is incompetent and genuinely unable to understand the proceedings or assist his attorney.[1]

It is easy to square my reading of NRS 178.425(4) with its text, *see Kabew v. Eighth Jud. Dist. Ct.*, 140 Nev., Adv. Op. 20, 545 P.3d 1137, 1140 (2024) ("When the plain language is clear and unambiguous, we will give effect to the clear meaning and enforce the statute as written." (internal quotation marks omitted)), particularly with the very language the majority warns would be rendered superfluous. The statute expressly allows a judge to "find[ ] the defendant capable of standing trial or opposing pronouncement of judgment" when the defendant is charged with a misdemeanor but not a felony. NRS 178.425(4); *see Galloway v. Truesdell*, 83 Nev. 13, 26, 422 P.2d 237, 246 (1967) (recognizing that the interpretive

---

[1]NRS Chapter 178 provides ample evidence to dispel any doubts that the Legislature intended "proceedings" to refer to the prosecutorial proceedings, not the competency proceedings. *See, e.g.*, NRS 178.400(2)(c) (providing that incompetence means the inability to "[a]id and assist the person's counsel *in the defense at any time during the proceedings* with a reasonable degree of rational understanding) (emphasis added); NRS 178.405(1) (providing that "the court shall *suspend the proceedings, the trial or the pronouncing of the judgment, as the case may be*, until the question of competence is determined") (emphasis added); NRS 178.425(4) (providing that the "proceedings *against* the defendant must be suspended") (emphasis added). Thus, the associated-words canon further supports the interpretation I offer. *See Sylver v. Regents Bank, N.A.*, 129 Nev. 282, 287, 300 P.3d 718, 721 (2013) (recognizing "the principle of statutory construction that a word should be known by the company it keeps" (internal quotation marks omitted).



principle of "the expression of one thing is the exclusion of another, has been repeatedly confirmed in this State"). The interpretation I advance does not render those words superfluous. Rather, the misdemeanor distinction is clear—a genuinely incompetent defendant, charged with a felony, cannot be judicially declared competent absent such a determination from the Administrator. But in a misdemeanor prosecution, the trial court has the authority, on its own, to declare the misdemeanant competent.

There is an important distinction, however, between a judicial declaration of competency without the benefit of medical expert evidence and a judicial finding that there is insufficient evidence of incompetence based on medical expert evidence. Lay evidence of malingering is insufficient on its own; rather, courts must receive expert medical testimony that, given new evidence of malingering, the initial incompetency determinations were incorrect. Accordingly, a more practical approach to NRS 178.425(4) is needed when the original "incompetence" was faked and subsequently discovered evidence proves that. But I worry the majority's interpretation of the statute would leave the district court with essentially no options—even when presented with compelling evidence of malingering.

Here, the State presented evidence suggesting that Price malingered during the initial evaluation. The evidence included that Price filed three inmate requests seeking dismissal of the criminal charges because he had not been transferred to a psychiatric facility for treatment within seven days as ordered after being deemed incompetent. Notwithstanding Price's performance during the competency evaluations, the inmate request forms show a basic understanding of the criminal proceedings. I agree that the district court, on its own, should not have declared the defendant competent. In my view, the district court should

have instead, when faced with the evidence of malingering, told the prosecutors that the court could not reconsider the competency determination itself absent medical evidence. And in lieu of making a determination, the district court should have offered the State an opportunity to present the evidence to the evaluating doctors who could then provide supplemental recommendations if appropriate. After that, the State could renew its motion for reconsideration with the benefit of competent medical input.

I believe the majority's interpretation disregards policy concerns, which could lead to unreasonable results. *See McCord v. State*, 139 Nev., Adv. Op. 59, 540 P.3d 433, 437-38 (2023) (construing a statute to avoid an absurd or unreasonable result). For example, what if either the State or the defense attempts to dismiss the prosecution? *See* NRS 178.554 (permitting the prosecution to dismiss "an indictment, information or complaint and the prosecution shall thereupon terminate"); *State v. Gonzalez*, 139 Nev., Adv. Op. 33, 535 P.3d 248, 250-51 (2023) (discussing a motion to dismiss a criminal charging document after the defendant was found incompetent). Must the district court, and an in-custody defendant, wait days, weeks, or months while the defendant is awaiting transport to Lakes Crossing and then undergoes competency restoration efforts before the court could simply dismiss the case? *See Gonzalez*, 139 Nev., Adv. Op. 33, 535 P.3d at 253 (recognizing the "troubling situation" where a defendant "languished in jail for five months before being transferred to Lakes Crossing for court-ordered competency restoration treatment"). Such a result would seem illogical. It would be much more reasonable for a district court to be able to act on such a request. Clearly, district courts are not restricted from conducting proceedings while a defendant is under a finding

SUPREME COURT
OF
NEVADA



(0) 1947A

6

of incompetence. In fact, district courts are often called upon to address and remedy delays in transporting previously adjudged incompetent defendants to Lakes Crossing. The interpretation I propose conforms to the plain language of the statute *and* furthers the legitimate policy pursuits discarded by the majority. In short, interpreting NRS 178.425(4) to allow district courts to revisit competency determinations when appropriate would be in line with their general authority to reconsider decisions and appropriately manage their caseloads.

Indulging malingering defendants until the Administrator can evaluate them will likely exacerbate delays in Nevada's competency-restoration treatment system and potentially deprive genuinely incompetent defendants of timely admission to treatment. *See id.* at 250 (recognizing that Lakes Crossing is experiencing "shortages[ and] a lack of available beds" that contribute to delays in admissions for competency restoration proceedings). Thus, I believe district courts should be afforded the discretion to revisit the issue of competency, so long as the court does not unilaterally find an incompetent defendant competent in violation of NRS 178.425(4). This accords with trial courts' authority to reconsider prior orders when new facts come to light.

Courts strive to reach the right result in all matters—competency included. A trial court's authority to reconsider a competency determination is especially clear where evidence is presented that, at the time the defendant was evaluated, he faked incompetence such that, had the evaluators considered that evidence, they would have found him competent at that time. When a court and the experts on which it relies learn the defendant presented himself or herself to them falsely, the court

should have the power to reconsider its order. *Cf.* NRCP 60(d)(3) (permitting a court to "set aside a judgment for fraud upon the court").

Without question, there are other situations in the law where a court may revisit prior issues based on newly discovered information or changed circumstances. For instance, our rules of criminal practice allow a party to seek reconsideration of a decision based on changed circumstances or new information. N.R.Cr.P. 8(7)(B) ("A party may seek reconsideration of a ruling of the court upon a showing of changed circumstances."); *see also* NRS 176.515(1) ("The court may grant a new trial to a defendant if required as a matter of law or on the ground of newly discovered evidence."); NRS 34.970(1)(b) (addressing "newly discovered evidence" after a conviction that "might establish a bona fide issue of factual innocence"); NRAP 40A(a) (providing grounds to petition for "[e]n banc reconsideration of a decision of a Supreme Court panel"). I see no reason to prohibit district courts from doing the same regarding competency.

Given the fluid nature of mental health, such discretion also accords with trial courts' ongoing duty to consider a defendant's competency throughout the course of the prosecution. *See* NRS 178.405(1) (providing that "[a]*ny time after the arrest* of a defendant, . . . if doubt arises as to the competence of the defendant, the court shall suspend the proceedings"); *Fergusen v. State,* 124 Nev. 795, 803, 192 P.3d 712, 718 (2008) (observing that "the determination of a defendant's *ongoing* competency thereafter and during trial must vest with the trial judge who has been assigned to hear the matter") (emphasis added).

In short, I have concerns that the majority's interpretation of NRS 178.425(4) is unnecessarily restrictive. Nevada law requires trial



judges to suspend prosecutions "if doubt arises as to the competence of the defendant . . . until the question of competence is determined." NRS 178.405(1). Likewise, I believe that if doubt arises as to whether the defendant is feigning incompetence, trial courts should be permitted to revisit the competency proceedings when presented with evidence of malingering. But here, I agree that the district court erred in determining that Price was competent absent medical evidence, and thus, a writ of mandamus should be issued.

_____, C.J.
Herndon

We concur:

_____, J.
Pickering

_____, J.
Cadish